UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ALBERT RAY STEWARD, III, | Civil No. 07-1303 (JNE/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| WASHINGTON COUNTY, MINNESOTA, and MINNESOTA DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff's complaint indicates that he was incarcerated for 75 days in May, June and July of 2006. The complaint does not indicate, however, where or why Plaintiff was confined, or who was responsible for his custody.

Plaintiff alleges that he was confined, (by someone not identified), for two extra days after he should have been released. He further alleges that while he was incarcerated, he was required to climb stairs, and walk long distances, in order to take showers. Those

activities allegedly aggravated Plaintiff's back, and, according to the complaint, he did not receive adequate medical treatment for his back problems.

Plaintiff is now attempting to sue Defendants Washington County, Minnesota, and the Minnesota Department of Corrections. Although the complaint does not describe any specific actions or omissions by either of the named Defendants, Plaintiff nevertheless claims that Defendants were somehow "negligent," and that their alleged negligence somehow caused him to suffer personal injuries. Plaintiff is seeking a judgment against Defendants in the amount of $275,000, ("with interest"), to compensate him for his alleged injuries. He is also seeking an award of punitive damages in the amount $500,000, ("with interest"), and attorney fees and costs in the amount of $5000, ("with interest").

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

Here, it plainly appears on the face of Plaintiff's pleading that there are no grounds for federal subject matter jurisdiction. Plaintiff is specifically seeking relief based on Defendants' alleged "negligence," which is a state common law cause of action. Therefore, jurisdiction cannot exist under the "Federal Question" statute, 28 U.S.C. § 1331. It is equally clear that subject matter jurisdiction cannot exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332, because Plaintiff and both of the named Defendants are

Minnesota residents for diversity purposes.[1]

Because Plaintiff's complaint clearly indicates, on its face, that there are no grounds for federal subject matter jurisdiction in this case, Plaintiff's current claims for relief cannot be litigated in federal court. The Court will therefore recommend that this action be summarily dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's pending application to proceed IFP be denied.

## III.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

Dated:   March 14, 2007

                                       s/ Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States Magistrate Judge

---

[1] The Court notes that, aside from failing to show grounds for federal subject matter jurisdiction, Plaintiff's complaint fails to state an actionable negligence claim, because it does not include any factual allegations describing what, specifically, each named Defendant purportedly did (or failed to do) that supposedly constitutes negligence. Plaintiff has described a series of unfortunate misadventures that allegedly befell him while he was incarcerated, but he has not explained how the named Defendants supposedly caused those events. The complaint does not attribute any specific acts or omissions to either of the named Defendants; it simply indicates that certain events allegedly occurred, without saying who allegedly caused them. Furthermore, Plaintiff's claims against the Minnesota Department of Corrections are clearly barred by the Eleventh Amendment, which makes states and their agencies immune from federal court lawsuits.

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 29, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.